FISHER *v.* MONROE *et al.*

*(City Court of New York, General Term.*   October 24, 1892.)

MASTER AND SERVANT—DISCHARGE WITHOUT NOTICE REQUIRED BY CONTRACT.

An actress employed under contract for 30 weeks, subject to discharge on a week's notice for violation of any rule made by the manager, failed to attend a rehearsal, thus violating such a rule, and was immediately discharged without notice, with payment up to date, for which she receipted.   She diligently tried to obtain employment for the rest of the season.   *Held,* that she was entitled to recover her wages for the rest of her term of engagement, less her wages received in other employment, as such a discharge without notice could not terminate the contract.

Appeal from trial term.

Action by Jennie Fisher against Robert B. Monroe and others for breach of contract of employment.   Verdict and judgment for plaintiff.   Defendants appeal.   Affirmed.

For decisions on former appeals, see 17 N. Y. Supp. 837, and 12 N. Y. Supp. 273, reversing 11 N. Y. Supp. 207.

Argued before EHRLICH, C. J., and VAN WYCK and MCCARTHY, JJ.

*W. H. Phillips,* for appellants.   *Seaman Miller,* for respondent.

MCCARTHY, J.   This is an appeal from a judgment entered upon a verdict in favor of the plaintiff.   The action was for damages caused the plaintiff, an actress, by reason of her discharge by the defendants, who were theatrical managers and proprietors, for and until the end of the season specified in the contract between them.   The written contract declared that the plaintiff was engaged for a season of 30 weeks or longer during the years 1888–89.   The plaintiff began her duties under this contract at the opening of the season, September, 1888, and continued to perform her duties as an actress until after the first performance of Saturday evening, November 17, 1888, when, immediately after that Saturday evening's performance, one of the defendants discharged her, and refused to permit her to perform any longer under said contract.   The plaintiff was paid up to the time of her discharge, but the defendants have neglected and refused to pay her any further sum.   The plaintiff made diligent endeavor to find other employment during the balance of that season, but was able to procure an engagement but for a week, and for that she received the sum of $35.   The season mentioned in the contract did not close until May 11, 1889.   So the jury awarded the plaintiff the sum of $30 a week for the remaining 20 weeks, less the sum of $35 that she had earned in the mean time, thereby making the amount of their award $565.

It was testified by the defendant that the cause of the plaintiff's immediate discharge by the defendants was her failure and refusal to be present at a rehearsal, and it was also admitted that there was an absolute rule of the company that everybody should attend rehearsals when called, and that the plaintiff was aware of such rule.   The plaintiff was notified on a Friday to attend for rehearsal on the following day at 10:30 A. M.   She failed to attend at the time named, but did later on the same day, and was that night discharged. The defendants are bound by the terms of their own contract.   It reads, "* * * or guilty of any violation of the rules made by the party of the first part, then said manager may annul this contract by giving a week's notice to do so."   This condition limits the power to discharge, and is controlling in this case.   Here it appears that the ground of the discharge is the violation of a rule of his company.   This being so, he cannot terminate the relations between him and the plaintiff unless by giving such a week's notice to do so.   The discharge was immediate, and without notice.   Until such notice was given, and the week had expired, he could not discharge her.   Without the proper notice she became entitled to damages awarded in such cases.   The situation appears to have been overlooked in the trial.   In this view of the

case it becomes immaterial whether there was sufficient cause or not for the plaintiff's discharge. But if there was any doubt, then, under the case presented, it was a question of fact, and was fairly submitted to the jury by the learned justice at the trial. The fact that the plaintiff had received and receipted for the salary due her up to the time of her discharge does not relieve the defendants from their liability. The rulings of the justice were proper, and we find no error.

Judgment should be affirmed, with costs. All concur.